# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| **CHAUNA CARALLO**, an individual, | CIVIL ACTION |
| Plaintiff, | |
| v. | Case No. 8:24-cv-1138 |
| **AXOGEN CORPORATION**, a Delaware corporation, | Judge: |
| | Mag. Judge: |
| Defendant. | |

## COMPLAINT

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1. This is an action for unpaid minimum wage compensation, unlawful retaliation, unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and Florida common law for retaliation in violation of Florida's Private Whistleblower Act (FWA).

## PARTIES

2. The Plaintiff is an individual and resident of Nevada who at all material times resided in Nevada, but who worked for the Defendant whose

1

principal place of business is located in Hillsborough County, Florida. At all times, Plaintiff had enterprise and individual coverage under the FLSA during her employment with the Defendant, **AXOGEN CORPORATION** ("Defendant"). Plaintiff was employed by the Defendant whose principal place of business is located in Hillsborough County, Florida. At all material times, Plaintiff was employed by the Defendant as a corporate recruiter. Plaintiff performed work for the Defendant whose principal place of business is located in Hillsborough County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida. While performing services for the Defendant, Plaintiff was engaged in interstate commerce, including interstate recruiting of employees for the Defendant. Plaintiffs continued the flow of interstate commerce by, *inter alia*, generating and processing billing, which collected funds from out-of-state sources and banks.

3.  The Defendant is a Florida corporation and has gross annual income well in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). Defendant's employees are engaged in interstate commerce and their business model specifically involves interstate purchases and handling goods such as food and beverage provisions and equipment that are from out-of-state suppliers.

2

Defendant collects monies, most of which is from out-of-state financial institutions. Defendant has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of payment. Defendant maintains employment records of Plaintiff. Defendant's employees are engaged in interstate commerce as at least two of the Defendant's employees handled, sold, otherwise worked on goods or materials that have been moved in or produced for commerce. Plaintiff was engaged in interstate commerce because Plaintiff (and at least two employees of the Defendant) handled goods that were moving in interstate commerce, handled and processed credit card and banking transactions and unloaded goods which came from an out of state supplier.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff performed work for the Defendant who conducted business in, and some or all of the events giving rise to Plaintiffs' claims

occurred in Hillsborough County, Florida, which is within the Middle District of Florida. Venue is proper in the Tampa Division under Local Rule 1.04 since the action accrued in Hillsborough County, which is within the Tampa Division.

## GENERAL ALLEGATIONS

6. **CARALLO** began her employment on or about November 9, 2022, and was employed as a corporate recruiter.

7. **CARALLO** always performed her assigned duties in a professional manner and was very well qualified for her position.

8. The Defendant paid **CARALLO** at the rate of $50.00 per hour, but intentionally misclassified **CARALLO** as a contractor when in fact she was an employee.

9. **CARALLO** worked in excess of 40-hours per week nearly each week she was employed by the Defendant, averaging approximately 50-hours per week.

10. **CARALLO** objected to this intentional misclassification on many occasions, the last of which occurred just days prior to the Defendant terminating her on March 29, 2024.

11. The Defendant has thus violated the FLSA by failing to pay overtime wages due to **CARALLO** and violated the FWA by terminating her employment after she objected to the Defendant's intentional misclassification.

## COUNT I: VIOLATION OF THE FLSA- UNPAID OVERTIME

12. The Plaintiff hereby incorporates Paragraphs 1-11 in this Count as though fully set forth herein.

13. Plaintiff was a covered, non-exempt employee under the FLSA at all times during her employment with the Defendant.

14. The Defendant was required by the FLSA to pay Plaintiff at least time and one-half for all hours worked in excess of 40 hours per week.

15. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during her employment, including compensation.

16. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

17. The Defendant violated the FLSA by failing to pay Plaintiff at least time and one-half for all hours worked over 40 per week.

18. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper overtime for all hours worked over 40 per week.

19. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

20. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a Judgment in Plaintiff's favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

# COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

21. Plaintiff incorporates by reference Paragraphs 1-11 of this Complaint as though fully set forth below.

22. The Plaintiff was an employee of the Defendant, a private company.

23. At all material times, the Plaintiff was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

24. The Plaintiff did engage in statutorily protected activity by her objection to, and refusal to participate in, the Defendant's violations of law.

25. After engaging in statutorily protected activity, the Plaintiff suffered negative employment action – her termination – which is a direct result of her statutorily protected activity.

26. The Plaintiff's termination and her engaging in statutorily protected activity are causally related.

27. The Defendant knew that the Plaintiff was engaged in protected conduct as referenced herein and took adverse action against her because of it.

28. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, the Plaintiff has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

29. As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, the Plaintiff is entitled to all relief necessary to make her whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: May 10, 2024

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com